**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DOYLE WARKENTIN,**           )<br>                                                        )<br>           Plaintiff,            )<br>     v.                                              )<br>                                                        )<br>**COUNTRYWIDE HOME LOANS,**   )<br>**RECON TRUST COMPANY, N.A.,**  )<br>**GOLDMAN SACHS & COMPANY, and** )<br>**DOES 1 through 20,**              )<br>                                                        )<br>           **Defendants.**            )<br>_____)  | 1:11-CV-1433  AWI GSA<br><br>ORDER DENYING REQUEST<br>FOR TEMPORARY<br>RESTRAINING ORDER AND<br>DISMISSING CASE<br><br>(Doc. Nos. 1 & 2) |

On August 26, 2011, Plaintiff Doyle Warkentin filed this case based on federal question jurisdiction.  The complaint is styled as one for "an immediate stay as time is of the essence, temporary restraining order, preliminary and permanent injunctions, to set aside state court decisions, and damages."  Plaintiff is pro se and seeks to proceed in forma pauperis.

*Background*

The complaint has its genesis in a loan obtained by Plaintiff.  The loan apparently lapsed into default.  Plaintiff initially filed suit in the Merced County Superior Court against Defendants.[1]  Numerous demurs, motions to disqualify, and monetary sanctions against Plaintiff were dealt with in the Merced County Superior Court and in the California Fifth Appellate

---

[1] The Complaint in this case attached a copy of the initial 2005 Merced County Superior Court complaint.  The defendants in this case are the same as the defendants in the 2005 Merced County case.

District.  See Warkentin v. Countrywide Home Loans, 2011 Cal.App. Unpub. LEXIS 3273 (Apr. 29, 2011) ("Warkentin II"); Warkentin v. Countrywide Home Loans, 2008 Cal.App. Unpub. LEXIS 9918 (Dec. 10, 2008) ("Warkentin I").[2]  At the time of the last complaint in the Merced Superior Court, the only operative claim was under 12 U.S.C. § 2605(e).  See Warkentin II, 2011 Cal.App. Unpub. LEXIS 3273 at *2-*4.  However, due to discovery misconduct, the Merced County Superior Court imposed terminating sanctions on Plaintiff and entered a judgement of dismissal in favor of the defendants pursuant to the California Code of Civil Procedure.  See id. at *6, *9-*10.  In *Warkentin II*, the Fifth Appellate Court upheld the terminating sanctions against Plaintiff.  See id. at *13-*14.  On July 13, 2010, the California Supreme Court denied Plaintiff's petition for review of the appellate decision that upheld the terminating sanctions.  See Warkentin v. Countrywide Home Loans, 2011 Cal. LEXIS 7173 (July 13, 2011) ("Warkentin III").

*Temporary Restraining Order/Preliminary Injunction*

In the complaint before this Court, Plaintiff alleges three causes of action.  The first cause of action is against Defendant Countrywide Home Loans and alleges a violation of 12 U.S.C. § 2605(e).  The second cause of action is against all defendants and seeks review and reversal of numerous decisions by the various state courts.  The third cause of action is apparently against all defendants, and alleges state law fraud.  The complaint prays in part for the issuance of a temporary restraining order and preliminary injunction.  In order to receive either a temporary restraining order or a preliminary injunction, the plaintiff must show *inter alia* that he is likely to succeed on the merits of his claims.  See Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008); Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1160 (9th Cir. 2011); Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F.Supp. 1309, 1313 (E.D. Cal. 1996).

---

[2] The *Warkentin I* case upheld the dismissal of the third amended complaint, but reversed the Superior Court's failure to allow Warkentin to amend his complaint a fourth time to include a claim for violation of 12 U.S.C. § 2605(e).  See Warkentin I, 2008 Cal. App. Unpub. LEXIS 9918 at *19-*23.  *Warkentin I* remanded the case to the Merced County Superior Court in order to allow amendment to include that claim.  See id. at *26.  In *Warkentin I*, the identified basis for the claim under 12 U.S.C. § 2605(e) was a June 29, 2005, letter that Warkentin sent to Countrywide.  See id. at *19-*21.  That is the same basis for the 12 U.S.C. § 2605(e) violation alleged in this Court.

1    With respect to the first cause of action for violation of 12 U.S.C. § 2605(e), a dismissal
2 judgment against Plaintiff on this very cause of action was entered in the Merced County
3 Superior Court pursuant to a discovery sanction, and a petition for review of that decision was
4 denied by the California Supreme Court on July 13, 2011.  See Warkentin III, 2011 Cal. LEXIS
5 7173; Warkentin II, 2011 Cal.App. Unpub. LEXIS 3273 at *3-*6, *13-*14; Warkentin I, 2008
6 Cal. App. Unpub. LEXIS 9918 at *19-*21.  Where appropriate, final state court judgments will
7 be given res judicata effect in federal courts.  See 28 U.S.C. § 1738; Kay v. City of Rancho Palos
8 Verdes, 504 F.3d 803, 808 (9th Cir. 2007); Maldonado v. Harris, 370 F.3d 945, 951-53 (9th Cir.
9 2004); Noel v. Hall, 341 F.3d 1148, 1163-64 (9th Cir. 2003).  Under California law, terminating
10 sanctions for discovery disobedience are considered to be with prejudice and are res judicata.
11 Franklin Capital Corp. v. Wilson, 148 Cal.App.4th 187, 207 (2007).  That is, a dismissal ordered
12 as a discovery sanction constitutes a judgment on the merits.  Kahn v. Kahn, 68 Cal.App.3d 372,
13 387 (1977).  Since this identical claim has been finally appealed, involved the same defendant,
14 and was against Plaintiff on the merits, there is no indication that Plaintiff can succeed on this
15 cause of action because it is barred by a final judgment.  See 28 U.S.C. § 1738; Kay, 504 F.3d at
16 808; Noel, 341 F.3d at 1163-64; Franklin Capital, 148 Cal.App.4th at 207; Warkentin III, 2011
17 Cal. LEXIS 7173; Warkentin II, 2011 Cal.App. Unpub. LEXIS 3273 at *3-*6, *13-*14;
18 Warkentin I, 2008 Cal. App. Unpub. LEXIS 9918 at *19-*21.

19    With respect to the second cause of action, Plaintiff is seeking to overturn the prior
20 rulings, decisions and proceedings of the state courts associated with the 2005 Merced County
21 litigation.  Pursuant to the *Rooker-Feldman* doctrine, this Court has no jurisdiction to review
22 these actions by the state courts.  See Noel, 341 F.3d at 1162-63; Allah v. Superior Court, 871
23 F.2d 887, 891 (9th Cir. 1989).

24    With respect to the third cause of action for fraud, Federal Rule of Civil Procedure 9(b)
25 requires that all claims sounding in fraud be pled with particularity.  See  Fed. R. Civ. Pro. 9(b).
26 This means that a fraud claim must: (1) allege the who, what, when, where, and how of the fraud,
27 (2) allege what about a particular misrepresentation makes the representation false, and (3) must
28 differentiate between multiple defendants.  See Destifino v. Reiswig, 630 F.3d 952, 958 (9th Cir.

2011); Ebeid v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010); Swartz v. KPMG, LLP, 476 F.3d 756, 764-65 (9th Cir. 2007). Here, Plaintiff does not differentiate between the Defendants under this cause of action, rather all Defendants are lumped together. Further, the "when" of the fraud is not clear, the "how" of the fraud is not clear, not all of the misrepresentations are clear, and what makes the misrepresentations false is not clear.[3] Therefore, Plaintiff's allegations do not meet Rule 9(b)'s pleading standard, and no viable claim for fraud is pled.

Plaintiff has not shown a likelihood of success on the merits of any of his claims. Therefore, issuance of either a temporary restraining order or a preliminary injunction is not proper.[4]

*Dismissal For Failure To State A Claim*

Additionally, Plaintiff requests to proceed in forma pauperis. In such cases, the Court shall dismiss a case at any time if it determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); cf. Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987). As discussed above, the Complaint states no viable claims. Thus, dismissal of the complaint is appropriate.

Leave to amend a complaint need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002). As discussed, above the Court

---

[3] To the extent that Plaintiff may be attempting to allege a violation of the Federal Fair Debt Collection Practices Act, specifically 15 U.S.C. § 1692g based on the Defendants' failure to validate the debt, no viable claim is stated or available. This claim was dismissed in a now final order in *Warkentin I* and would be *res judicata* against Plaintiff in this proceeding. See Kay, 504 F.3d at 808; Warkentin I, 2008 Cal. App. Unpub. LEXIS 9918 at *13-*16. Further, 15 U.S.C. § 1692g(b) only applies upon the timely receipt by the debt collector of a written notice from the consumer. See 15 U.S.C. § 1692g(b); Mahon v. Credit Bureau, Inc., 171 F.3d 1197, 1202 (9th Cir. 1999); In re Sanchez, 173 F.Supp.2d 1029, 1034 n.1 (N.D. Cal. 2001). However, the Complaint alleges that Plaintiff made a verbal, not written, request for verification. Thus, Plaintiff did not invoke § 1692g(b). See id. Further, the protections of § 1695g(b) apply to a consumer's written notice where the notice is sent within 30 days of the consumer himself receiving a written notice from the debt collector, following the debt collector's initial communication with the consumer. See 15 U.S.C. § 1692g. Since the conduct at issue occurred in 2005, the 30 day period has lapsed. Finally, the Complaint does not allege that the defendants are "debt collectors" who are attempting to collect on a "debt," within the meaning of the Fair Debt Collections Practices Act. See 15 U.S.C. §§ 1692a, 1692g(b); Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 934 (9th Cir. 2007).

[4] Additionally, Plaintiff did not follow Local Rule 231. Denial of a temporary restraining order and injunction is justified on this ground as well.

4

cannot review the second cause of action, so amendment of that claim would be futile. See Noel, 341 F.3d at 1162-63; Allah, 871 F.2d at 891. Further, amendment of the first cause of action for violation of 12 U.S.C. § 2605(e) would be futile because that cause of action is precluded by a final order of the California judiciary. See 28 U.S.C. § 1738; Kay, 504 F.3d at 808; Noel, 341 F.3d at 1163-64; Franklin Capital, 148 Cal.App.4th at 207. Leave to amend these causes of action will be denied.

Jurisdiction in this case is based on the presence of a federal question. Plaintiff's only pled federal cause of action is not viable and has been dismissed without leave to amend.[5] There is no other basis for federal jurisdiction pled. With the dismissal of Plaintiff's federal cause of action, the Court will decline to exercise supplemental jurisdiction over the inadequately pled state fraud cause of action. See 28 U.S.C. § 1367(c)(3).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a temporary restraining order and preliminary injunction is DENIED;
2. Plaintiff's motion to proceed in forma pauperis is GRANTED;
3. Plaintiff's complaint is DISMISSED without leave to amend; and
4. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   September 2, 2011

CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Again, as discussed in Footnote 3, to the extent that Plaintiff is attempting to allege a violation of 15 U.S.C. § 1692g, that claim is not viable.